No. 3--04--0480

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005 

CHURCH OF PEACE, BROADWAY ) Appeal from the Circuit

PRESBYTERIAN CHURCH, SECOND ) Court of the 14
th

BAPTIST CHURCH, MEMORIAL ) Judicial Circuit, Rock

CHRISTIAN CHURCH, BIBLE ) Island County, Illinois

MISSIONARY INSTITUTE, ST. JAMES )

LUTHERAN CHURCH, WORD OF LIFE )

CHRISTIAN CENTER, 15
TH
 AVENUE )

CHRISTIAN CHURCH, GOOD SHEPHERD )

PRESBYTERIAN, FIRST CHURCH OF )

THE NAZARENE, FIRST LUTHERAN )

CHURCH, GLORIA DEI UNITED )

PRESBYTERIAN CHURCH and FIRST )

BAPTIST CHURCH OF ROCK ISLAND, )

)

Plaintiffs-Appellants, ) 

) 

)    No. 3--MR--294

)

) 

CITY OF ROCK ISLAND, ILLINOIS, ) Honorable 

) Mark A. VandeWiele

Defendant-Appellee. ) Judge, Presiding

JUSTICE HOLDRIDGE delivered the Opinion of the court:        

_________________________________________________________________  

This action was brought by a group of churches to challenge the ordinance of the city of Rock Island (the City) which imposes  a storm water service charge on property owners.  The circuit court of Rock Island County granted the City’s motion for summary judgment and denied the plaintiffs’ summary judgment motion.  The plaintiffs  appeal, maintaining that the circuit court erred in finding that the City’s storm water service charge was a fee and not a tax on real property, from which the plaintiffs are exempt by express provision of the Illinois Property Tax Code. 35 ILCS 200/15-40(a) (West 2002).  We affirm.

FACTS

1. Ordinance

The City passed an ordinance establishing a storm water utility and storm water fund.  In pertinent part the ordinance provided:

"The City hereby establishes a Storm Water Utility to provide for the management, protection, control, regulation, use and enhancement of the storm water systems and to (sic) facilities owned or operated by the City.

 * * * 

  The City hereby establishes a Storm Water Fund.  All revenues of the Storm Water Utility shall be deposited into the Storm Water Fund and used for purposes of the Storm Water Utility as deemed appropriate by the City Council.

* * * 

  All developed property in the City shall be charged storm water service charges except street and highway rights-of-way owned by a township, Rock Island County, the City or the State of Illinois.

* * * 

  Storm water service charges 

Parcels other than detached single family residential 

Charge per impervious area unit (IAU) ...................$4.39 per month

  Parcels shall be eligible to receive a storm water service charge credit based upon requirements of the Rock Island Storm Water Credit Manual."  City of Rock Island Ordinance No. 74-2002.

The ordinance defined developed property to mean "property that has been altered from its natural state by the addition of impervious area equal to at least one (1) percent of the gross area."  The ordinance defined IAU in the following manner: "Impervious area unit (IAU) shall be used as the basis for determining the storm water service charge to a parcel.  Two thousand eight hundred (2,800) square feet of impervious area shall be one IAU.  The number of IAU’s attributed to a parcel will be determined by dividing the total impervious area (square feet) of the parcel by two thousand eight hundred (2,800) and rounding the result up to the next integer."  The ordinance then defined impervious area or impervious surface to mean "those areas that prevent or impede the infiltration of storm water into the soil.  Common impervious areas include, but are not limited to, rooftops, sidewalks, walkways, patio areas, driveways, parking lots, storage areas, compacted aggregate and awnings."

2. Procedural history

The plaintiff churches, each of which owns developed property within the city limits of the City, challenged the ordinance.  There is no dispute that each used its property for charitable and religious purposes and thus would be exempt from the payment of property taxes.  The churches filed suit contending that the storm water service charge, as applied, was a property tax.  The City responded, and each side filed cross-motions for summary judgment.  In doing so, both sides stipulated that there was no genuine issue of material fact and that summary judgment for one side or the other would be appropriate as a matter of law.  

The circuit court succinctly noted that the question was whether the storm water service charge was a tax upon real estate or a user fee.  Relying upon 
Bolt v. City of Lansing
, 459 Mich.  152, 587 N.W.2d 264 (1998), the court noted that a charge is a fee rather than a tax if it meets three criteria: (1) the charge must serve a regulatory purpose rather than raise revenue; (2) the charge must be proportionate to the necessary cost of the service; and (3) the charge must be voluntary.  The court noted that the first two criteria were met in the instant matter.  The court noted that the money raised through the charge went into a dedicated fund solely for storm water purposes and did not go into general revenue.  Excess funds could only be held in reserve for future operations/repairs/improvement to the storm water system.  On the question of whether payment of the fee was voluntary, the court noted that there was an "opt out" provision in the ordinance by which a landowner could install their own storm water retention system in order to qualify for a credit against the charge.  The court acknowledged that it is highly unlikely that any landowner would go to those lengths in order to opt out of the service charge.
(footnote: 1)  Still, the court found that the existence of the credit provision made the charge "voluntary."

The circuit court found the service charge to be a user fee and not a tax.  The City’s motion for summary judgment was granted, and the plaintiffs’ motion for summary judgment was denied.  Following the court’s denial of the plaintiffs’ motion for rehearing, the churches appealed to this court.

ANALYSIS 

On appeal, the plaintiffs raise three issues: (1) under Illinois law, the definition of a tax upon real property clearly encompasses the ordinance at issue; (2) this is a matter of first impression in Illinois, but several other states have found similar ordinances to be a tax and not a user fee; and (3) the circuit court incorrectly applied the 
Bolt
 criteria.  We address each arguments in the following manner.

Section 1-145 of the Illinois Property Tax Code (35 ILCS 200/1-145 (West 2002)) provides that a tax is "any tax, special assessment or costs, interest or penalty imposed upon property."  Property is defined as "the land itself, with all things contained therein, and also all buildings, structures and improvements and other permanent fixtures thereon. * * * " 35 ILCS 200/1-130 (West 2002).

Taxes are "an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government."  
People ex rel. County of DuPage v. Smith
, 21 Ill. 2d 572, 583 (1961).  In contrast, a service charge or fees are "contractual in nature, either express or implied, and are compensation for the use of another’s property, or of an improvement made by another, and their amount is determined by the cost of the property or improvement and the consideration of the return which such an expenditure should yield."  
Smith
, 21 Ill. 2d at 583.  The plaintiffs maintain that a tax is levied as a contribution "in return for the general welfare" while a fee gives a particular benefit to the property assessed."  
Northpole Corp. v. Village of Dundee
, 263 Ill. App. 3d 327, 337 (2
nd
 Dist. 1994).  

The plaintiffs argue that under the statutory definition of tax, and the application thereof in the above-cited cases, the ordinance at issue is a tax, not a fee.   They note that the charge imposes a "cost" on property, thus tracking with the statutory definition of a tax.  They also note that the service provided - storm water drainage - is a not a benefit to the particular parcel of property, but rather is a governmental service for benefit of the general common good.  

However, we note that 
Northpole
 cites 
Crocker v. Finley
, 99 Ill. 2d  444 (1984) for the proposition that a tax may be distinguished from a fee by observing that a tax is a charge having no relation to the service rendered and is assessed to provide general revenue rather than compensation.  A fee, on the other hand, is proportional to a benefit or service rendered.  Under this analysis, the storm water service charge is clearly a fee.  The record herein established that there was a direct and proportional relationship between imperviousness and storm water run-off, thus creating a rational relationship between the amount of the fee and the contribution of a parcel to the use of the storm water system.   

We agree with the plaintiffs that this is a matter of first impression in Illinois. However, we note that the weight of decided law from other jurisdictions favor a finding that the assessment at issue is a fee rather than a tax.  

The plaintiffs cite 
Dennehy v. City of Gresham
, 12 Ore. Tax 194 (Oregon Tax Court 1992) for the proposition that a similar ordinance was a tax.  The City responds by citing 
Howard Jarvis Taxpayers Association v. City of Salinas
, 121 Cal. Rptr. 2d 228 (Cal. Ct. App. 6
th
 dist. 2002), wherein the court held a similar service charge was a fee "for a public service having a direct relationship to the ownership of developed property."  The City also cites several cases wherein a court held that a similar charge was a fee, not a tax.  Most recently, the Georgia supreme court in 
McLeod v. Columbia County
, 278 Ga. 242, 599 S.E.2d 152 (2004) rejected an argument almost identical to that posed by the plaintiffs in the instant matter.  The 
McLeod
 court noted that a tax is "an enforced contribution exacted pursuant to legislative authority for the purpose of raising revenue to be used for public or governmental purposes, and not as payment for a special privilege or a service rendered."  278 Ga. at 244.  In contrast, "a charge is generally not a tax if its object and purpose is to provide compensation for services rendered."  278 Ga. at 244.  The court went on to find that a storm drainage assessment based proportionately upon the size of developed run-off surface was a fee, not a tax. 

After reviewing the case law cited, we find that the more recent case law favors the position that storm water service charges are a fee.

Finally, the plaintiffs maintain that the trial court mis-applied the analysis of 
Bolt v. City of Lansing
 in finding that the assessment at issue was voluntary.  We disagree.  The trial court’s determination that the opt-out provisions of the ordinance was sufficient to make the charge voluntary is sound.   Clearly, if any of the plaintiffs chose to not avail themselves of the storm water drainage system provided by the City, it could do so and avoid paying the assessment.  
While it might be cost prohibitive for each plaintiff to construct its own storm water run-off containment system, each would certainly be able to calculate the cost of doing so versus the cost of paying for the use of the City’s system.  Voluntary participation involves nothing more than weighing the competing costs of participation.  

For the foregoing reasons, we find that the storm water assessment imposed by the City is a fee, not a tax.  We affirm the judgment of the circuit court of Rock Island.  

Affirmed.  

SLATER, P. J., and O’BRIEN, J., concur.

FOOTNOTES
1:  The record indicates that each plaintiff paid an annual fee depending upon its IAUs of between $42.12 and $1,474.20.